UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LATONYA WILLIS,

    Plaintiff,

v.

VALLEY RESIDENTIAL SERVICES,

    Defendant.
_____/

CASE NO. 06-CV-13686

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
(Dkt. 11)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion for Default Judgment be **DENIED.**

## II.    REPORT

This *pro se* employment discrimination case was referred to the undersigned Magistrate Judge for general case management on August 18, 2006. (Dkt. 3.) Plaintiff was granted *in forma pauperis* status on September 13, 2006, and the U.S. Marshal was directed to serve the summons and complaint on Defendant. Defendant Valley Residential Services returned an executed waiver of service on October 6, 2006; its answer therefore was due on December 1, 2006.

On December 6, 2006, no answer having been submitted, Plaintiff Willis filed the instant case-dispositive motion for default judgment. No request was made to the Clerk to enter a default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and no such default was entered

on the docket.  The following day, counsel for Defendant filed an appearance and an *ex parte* Request to Answer Out of Time, explaining that the deadline had been missed due to a clerical error.  (Dkt. 13.)  Finding no prejudice to Plaintiff arising from the short delay and no default having been entered by the Clerk, the Court granted Defendant an extension of time.  (Dkt. 15.)  Upon grant of Defendant's motion, the answer was filed.  (Dkt. 16.)

"Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline RR*, 705 F.2d 839, 845 (6th Cir. 1983).  A default judgment therefore should not result from an honest mistake, but rather be reserved for cases of willful misconduct or extreme carelessness.  *See id.*  In addition, mere delay in satisfying a plaintiff's claim is not sufficient prejudice to justify a default judgment.  *See id.*  In this case, where there is no evidence of willful misconduct and Plaintiff has not been prejudiced beyond a short delay, I suggest that Plaintiff's motion for default judgment should be denied.

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may

have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                           s/ *Charles E Binder*
                           CHARLES E. BINDER
Dated: December 22, 2006         United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, and served on Latonya Willis and John Shinners by first class mail.

Date:  December 22, 2006         By     s/Jean L. Broucek
                                           Case Manager to Magistrate Judge Binder